EXHIBIT 1

| | |
|---|---|
| **DISTRICT COURT, BROOMFIELD COUNTY, STATE OF COLORADO**<br>Broomfield Combined Courts<br>17 Descombes Drive<br>Broomfield, CO 80020 | DATE FILED: November 7, 2022 4:54 PM<br>FILING ID: F6B4D9469842B<br>CASE NUMBER: 2022CV30298 |
| **Plaintiff:**<br>GABRIELLA MONTOYA<br><br>v.<br><br>**Defendants:**<br>CWS APARTMENT HOMES, LLC d/b/a MARQUIS AT TOWN CENTRE;<br>TOWN CENTRE MARQUIS, LLC d/b/a MARQUIS AT TOWN CENTRE;<br>and UNKNOWN SNOW REMOVAL COMPANY | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff:*<br>Eric B. Ballou, #40163<br>THE FRICKEY LAW FIRM, P.C.<br>940 Wadsworth Boulevard, Suite 400<br>Lakewood, Colorado 80214<br>Telephone:   303.237.7373<br>Fax Number: 303.233.7313<br>E-mail:      eballou@frickey.com | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Gabriella Montoya, by and through counsel, Eric B. Ballou of THE FRICKEY LAW FIRM, P.C., hereby submits the following *Complaint and Jury Demand* against the above-named Defendants:

## JURISDICTION AND VENUE

1.   Plaintiff Gabriella Montoya ("Plaintiff") is a citizen of the State of Colorado.

2.   Upon information and belief, Defendant CWS Apartment Homes, LLC d/b/a Marquis at Town Centre ("Defendant CWS") is a foreign corporation organized and existing under the laws of the State of Delaware and conducting business in the State of Colorado. The registered agent for Defendant CWS is Corporation Service

1

Company located at 1900 W. Littleton Boulevard, Littleton, CO 80120. Defendant CWS' principal office street and mailing address is 14 Corporate Plaza Drive, Suite 210, Newport Beach, CA 92660.

3. Upon information and belief, Defendant Town Centre Marquis, LLC d/b/a Marquis at Town Centre ("Defendant Town Centre") is a foreign corporation organized and existing under the laws of the State of Delaware and conducting business in the State of Colorado. The registered agent for Defendant Town Centre is Corporation Service Company located at 1560 Broadway, Suite 2090, Denver, CO 80202. Defendant Town Centre's principal office street and mailing address is 14 Corporate Plaza Drive, Suite 210, Newport Beach, CA 92660.

4. Upon information and belief, unknown defendant snow removal company is a Colorado company conducting business in the State of Colorado, the registered agent of which and principal office street and mailing address of which is currently unknown.

5. Upon information and belief, Defendants committed a tort in Broomfield County, State of Colorado, as alleged herein, providing this Court with personal and subject matter jurisdiction over Defendants.

6. Venue in this Court is proper pursuant to C.R.C.P. 98(c) because the tortious conduct and injuries giving rise to this *Complaint and Jury Demand* occurred in Broomfield County, State of Colorado.

## GENERAL ALLEGATIONS

7. This matter arises from a slip-and-fall that occurred, upon information and belief, near 1116 E. 1st Avenue, Broomfield, Colorado (the "Premises").

8. Plaintiff slipped and fell as she, upon information and belief, approached Building M, Units 1603-1604, 1625-1628, 1635-1638, at an apartment complex called Marquis at Town Centre (the "Premises").

9. Upon information and belief, the main address of Marquis at Town Centre is 1001 E. 1st Avenue, Broomfield, Colorado.

10. The slip-and-fall occurred on February 21, 2021.

11. The slip-and-fall occurred while Plaintiff was in the course and scope of her employment as a pizza deliverer for Domino's Pizza, attempting to deliver pizza at the Premises.

12. At approximately 10:00 a.m. on February 21, 2021, Plaintiff pulled up to Building M at Marquis Town Centre to deliver pizza to Max Lopez.

13. Plaintiff carefully walked toward the building to complete her delivery.

2

14. Plaintiff slipped on ice and/or snow and fell striking her head on the ground.

15. Plaintiff heard a crack as she hit the ground.

16. At the time of Plaintiff's fall, the ground near Building M was covered with ice and/or snow.

17. Upon information and belief, snow and/or ice at the location of her fall on the Premises had not been remediated before Plaintiff's arrival.

18. Two Good Samaritans who lived in the apartment building assisted Plaintiff after she fell.

19. Plaintiff and/or the Good Samaritans tried calling the management office for Marquis Town Centre, but there was no answer.

20. The Good Samaritans informed Plaintiff that they had called the management office for Marquis Town Centre on more than one prior occasions after a snow/ice event to request de-icing of the sidewalks.

21. Plaintiff completed her pizza delivery and immediately proceeded to the Marquis Town Centre management office to report her slip-and-fall.

22. A sign on the management office door indicated that the office would be open at 10:00 a.m.; however, the office was closed.

23. Plaintiff proceeded back to work and reported the slip-and-fall to her employer, and then went home.

24. Plaintiff's fall caused her serious bodily injury including, but not limited to: closed head injury; concussion; post-concussive syndrome; cervical strain; occipital neuralgia; cervical facet syndrome; vertigo; abnormal auditory perception; peripheral vertigo; and general anxiety disorder, all of which required medical treatment.

25. Plaintiff was lawfully on the premises as an "invitee" as defined by the Colorado Premises Liability Act ("CPLA"), C.R.S. § 13-21-115.

26. Upon information and belief, Defendant CWS and Defendant Town Centre owned, operated, managed, maintained, and/or otherwise conducted business activities on the Premises where Plaintiff fell.

27. Upon information and belief, unknown defendant snow removal company maintained and/or otherwise conducted business activities on the Premises where Plaintiff fell.

28. Upon information and belief, Defendant CWS, Defendant Town Centre, as well as unknown defendant snow removal company, were responsible for remediating ice and snow on the Premises at all relevant times.

29. Upon information and belief, each and every defendant was an authorized agent or a person in possession of real property and legally responsible for the condition of the real property or for the activities conducted or circumstances existing on real property, specifically the Premises where Plaintiff fell.

30. Each and every defendant was a "landowner" as defined by the CPLA, C.R.S. § 13-21-115.

31. At all relevant times, each and every defendant was responsible for care and maintenance of the Premises.

32. Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which they actually knew or should have known, namely Defendants' failure to remediate snow and ice on the Premises, caused Plaintiff's fall and injuries.

33. The icy and snowy area where Plaintiff fell was a danger on the Premises.

34. Plaintiff was not negligent in causing her fall.

35. Plaintiff did not contribute to causing her fall.

36. Plaintiff has not failed to mitigate her injuries, harms, or losses.

**FIRST CLAIM FOR RELIEF**
**LANDOWNER LIABILITY AGAINST ALL DEFENDANTS**
**PURSUANT TO THE COLORADO PREMISES LIABILITY ACT**

37. Plaintiff incorporates the foregoing paragraphs herein.

38. At all relevant times, the provisions of C.R.S. § 13-21-115 were in effect.

39. At the time of her fall, as set forth herein, Plaintiff was an "invitee" as defined by C.R.S. § 13-21-115.

40. As the time of her fall, as set forth herein, Defendants were "landowners" of the Premises as defined by C.R.S. § 13-21-115.

41. Under the CPLA, an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually knew or should have known.

4

42. Defendants were legally responsible for the condition of area on the Premises where Plaintiff fell and for the activities conducted or circumstances existing at the time of the fall.

43. Defendants and/or their agents and/or their employees failed to exercise reasonable care and/or failed to warn to protect Plaintiff from the dangerous condition on the Premises, namely the icy and snowy area where Plaintiff fell.

44. Defendants breached their duty to Plaintiff by, among other things, failing to exercise reasonable care and/or failing to warn to prevent Plaintiff from being injured or otherwise guarding against the danger that the icy parking lot represented on the Premises.

45. Upon information and belief, Defendants failed to take any precautions to protect anyone, including Plaintiff, from the dangerous condition on the Premises, namely the icy and snowy area where Plaintiff fell.

46. Defendants failed to exercise reasonable care in maintaining the Premises and failed to warn invitees of the dangerous condition of the Premises, including Plaintiff; therefore, Defendants are liable to Plaintiff for the damages caused by the fall.

47. As a direct and proximate cause of Defendants' actions and/or omissions, Plaintiff has suffered injuries, harms, and losses including, but not limited to: physical and emotional injuries; permanent physical impairment; disfigurement; past and future medical expenses; past and future pain and suffering; loss of enjoyment of life; loss of quality of life; past and future lost earnings; past and future mental and emotional distress; and other economic, non-economic, physical impairment, and disfigurement injuries, damages, and losses, all in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF
### NEGLIGENCE AND NEGLIGENCE *PER SE* AGAINST ALL DEFENDANTS
### (PLED IN THE ALTERNATIVE)

48. Plaintiff incorporates the foregoing paragraphs herein.

49. To the extent that any of the Defendants deny landownership of the Premises at the time of Plaintiff's injuries as defined by the CPLA, Plaintiff asserts negligence and negligence *per se* claims against said Defendant(s).

50. Defendants owed a duty to exercise reasonable care and/or reasonably warn to protect Plaintiff from the dangerous condition of the Premises.

51. Defendants owed a duty to conduct activities on the Premises and to maintain the Premises in a reasonable and safe manner that did not pose an unreasonable risk of danger to persons, including Plaintiff.

52. Defendants owed a duty to warn Plaintiff of any dangerous or hazardous conditions that existed on the Premises of which they had knowledge or of which they should have known.

53. Defendants breached these duties to Plaintiff as set forth herein.

54. Defendants' failure to exercise reasonable care constituted negligence *per se* pursuant to C.R.S. § 13-21-115 among other statutes and/or ordinances.

55. As a direct and proximate cause of Defendants' negligence, Plaintiff has suffered injuries, harms, and losses including, but not limited to: physical and emotional injuries; physical impairment; disfigurement; past and future medical expenses; past and future pain and suffering; loss of enjoyment of life; loss of quality of life; past and future lost earnings; mental and emotional distress; and other economic, non-economic, physical impairment, and disfigurement injuries, damages, and losses, all in amounts to be proven at trial.

## PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and prays for an award of damages including:

1. For all of Plaintiff's economic, non-economic, physical impairment, and disfigurement injuries, harms, and losses in an amount to be proven at trial;

2. For all costs and attorney's fees to the extent permitted by law;

3. For all interest, including all pre-judgment interest and post-judgment interest, to the extent permitted by law; and

4. For all such other and further relief as this Court may deem just and proper.

Dated:  November 7, 2022

Respectfully submitted,

THE FRICKEY LAW FIRM, P.C.

*s/ Eric B. Ballou*
Eric B. Ballou, #40163
Attorney for Plaintiff

*Pursuant to C.R.C.P. 121 § 1-26(7), a printed copy of this document with original signature(s) is maintained by THE FRICKEY LAW FIRM, P.C., and will be made available for inspection by other parties or the Court upon request.*

<u>Plaintiff's Address</u>
Gabriella Montoya
1201 W. Thornton Parkway, Unit 159
Thornton, Colorado 80260